CITY OF SPRINGDALE, APPELLANT, *v.* OHIO BOARD OF BUILDING STANDARDS, APPELLEE.

[Cite as Springdale *v.* Ohio Bd. of Bldg. Standards (1991), 59 Ohio St. 3d 56.]

(No. 90-132—Submitted January 8, 1991—Decided April 24, 1991.)

*Wood & Lamping* and *David A. Caldwell,* for appellant.

*Lee I. Fisher,* attorney general, and *Angela G. Phelps-White,* for appellee.

*Keith McNamara,* urging affirmance for *amicus curiae,* Associated General Contractors of Ohio.

SWEENEY, J. As a municipality with a building department certified under R.C. Chapters 3781 and 3791, appellant retained authority to adopt local regulations governing the erection of structures in the city of Springdale. However, R.C. 3781.01 limits such authority to regulations not inconsistent with the Ohio Building Code. This section provides:

"Chapters 3781. and 3791. of the Revised Code do not prevent the legislative authority of a municipal corporation from making further and additional regulations, *not in conflict with such chapters or with the rules and regulations of the board of building standards.* Such chapters or the rules and regulations of the board of building standards do not modify or repeal any portion of any building code adopted by a municipal corporation and in force on September 13, 1911, which is not in direct conflict with such chapters or with such rules and regulations." (Emphasis added.)

Section 152.03 of the Springdale Building Code authorizes its building official to require the submission of a certificate from a registered architect or professional engineer when a person applies for a building permit. In contrast, R.C. 3791.042 prescribes this requirement only under specific circumstances. R.C. 3791.042 provides:

*"If a building department certified under division (E) of section 3781.10 of the Revised Code does not have person-*

nel in its full-time employ as described in division (E)(1)(a) of section 3781.10 of the Revised Code who are certified by the board of building standards to do plan and specification review, plans and specifications submitted to the building department shall be examined by the approved building official and shall be approved by him if the plans and specifications are determined to conform with the Ohio building code and Chapters 3781. and 3791. of the Revised Code, and if the plans and specifications satisfy both of the following requirements:

"(A) The plans and specifications were prepared by an architect who is certificated and registered pursuant to Chapter 4703. of the Revised Code, or by a professional engineer who is registered pursuant to Chapter 4733. of the Revised Code.

"(B) The plans and specifications contain a written certification by an architect or professional engineer, as described in division (A) of this section, that indicates that the plans and specifications conform to the requirements of the Ohio building code and Chapters 3781. and 3791. of the Revised Code." (Emphasis added.)

Thus, while R.C. 3791.042 requires that the certificate of a registered architect or professional engineer accompany the building plans only where the certified local building department lacks qualified personnel to review the plans (i.e., architects or engineers), the local ordinance requires the certification of a registered architect or professional engineer on all plans submitted in Springdale.

The parties to this action are in agreement that appellant does, in fact, have in its employ full-time personnel who are certified to review building plans. Thus, appellant may not require, pursuant to R.C. 3791.042, that all building plans which accompany an application for a building permit be certified by a registered architect or professional engineer.

Concluding that Section 152.03 of the Springdale Building Code constituted a "seal law" in conflict with R.C. 3791.04,[1] and the specific requirements of R.C. 3791.042, appellee determined that the ordinance violated R.C. 3781.01.

The decisions of the board and the reviewing courts are entirely correct. Inasmuch as a municipality with a certified building department is not authorized to enact an ordinance in conflict with state law, a local provision setting forth additional requirements specifically lacking in the operative statute is in violation of R.C. 3781.01. While appellant contends that such a result runs afoul of its constitutionally conferred home-rule authority, such an argument is without merit. The authority at issue concerns the ability of a certified local building department to administer R.C. Chapters 3781 and 3791. To the extent that appellant's ordinance conflicts with R.C. 3791.04 and 3791.042 under a purely statutory scheme, it must yield to the requirements of state law.

A home-rule issue would arise only in the context of the enforcement of a substantive local building code by a non-certified local building department. Any conflict under such circumstances would be resolved by applying principles governing the home-

---

[1] Under R.C. 3791.04, unlike the ordinance, approval of building plans is not contingent upon their certification by a registered architect or professional engineer.

rule authority of charter municipalities.[2]

We therefore conclude that a municipality whose building department has been certified by the Ohio Board of Building Standards pursuant to R.C. 3781.10(E) to enforce state and local building codes within its territorial jurisdiction may not adopt additional regulations in conflict with state law.

Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.

---

[2] The decision we reach in the case *sub judice* is wholly consistent with *Eastlake* v. *Bd. of Building Standards* (1981), 66 Ohio St. 2d 363, 20 O.O. 3d 327, 422 N.E. 2d 598. In *Eastlake,* this court concluded that a local ordinance enacted by a municipality possessing a certified building department which prohibited the use of a certain type of electrical wiring in "industrialized units" conflicted with state building standards which expressly permitted such wiring. Consequently, we upheld the authority of the Ohio Board of Building Standards to decertify the building department of the city of Eastlake as an entity qualified to assure compliance with the Ohio Building Code.

The decision in *Eastlake* was predicated upon both statutory and constitutional grounds and relied upon the expressed intent of the General Assembly to assure the consistent and uniform application of statewide standards to the construction of prefabricated building units. The *Eastlake* court distinguished the situation addressed therein from an attempt by a locality to prescribe standards for locally constructed buildings. See *Eastlake, supra,* at 367-368, 20 O.O. 3d at 329-330, 422 N.E. 2d at 601. However, a fair reading of *Eastlake* also yields the conclusion that the enactment of a substantive local ordinance by a municipality with a non-certified building department would nevertheless exceed its home-rule authority where the ordinance attempts to prescribe standards inconsistent with state law governing industrialized units.

The present controversy, however, involves the actions of a municipality with a certified building department which has undertaken the responsibility of administering a state regulatory scheme. Under such circumstances, this court need only concern itself with the statutory requirement (R.C. 3781.01) that the local ordinance of such a municipality not conflict with the Ohio Building Code. See *Johnson's Markets, Inc.* v. *New Carlisle Dept. of Health* (1991), 58 Ohio St. 3d 28, 35, 567 N.E. 2d 1018, 1025, at fn. 15. In resolving this issue, the following language in *Eastlake* is instructive:

"In determining whether an ordinance is in 'conflict' with general laws, the test is whether the ordinance permits or licenses that which the statute prohibits and vice versa. A city ordinance cannot forbid and prohibit what a statute permits and licenses. * * *" (Citations omitted.) *Id.* at 368, 20 O.O. 3d at 330, 422 N.E. 2d at 601-602.

In the case *sub judice,* a review of the operative state law and local ordinance reveals that a conflict between their provisions is inescapable. R.C. 3791.04 does not require that the certificate of a registered architect or a professional engineer accompany the submission of building plans. R.C. 3791.042 imposes this requirement only where the local building department lacks the professional personnel to adequately review building plans. The clear implication from reading these sections *in pari materia* is that, in all cases where the certified municipal building department possesses the requisite professional expertise, no certificate of a registered architect or professional engineer need be submitted with the building plans. Thus, the statute permits (*i.e.,* acceptance of building plans without professional certification) what the ordinance, as enforced, prohibits. Accordingly, a conflict under R.C. 3781.01 exists and state law must prevail.